IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MAURICE NEALY**                                                                 **PETITIONER**

**v.**                                                  **Civil No. 3:21-cv-696-DPJ-RHWR**

**BURL CAIN and**
**JOHN HERNY**                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [8] Motion to Dismiss filed by Respondents Burl Cain and John Henry. Petitioner Maurice Nealy has never filed a Response. After considering the Motion, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [8] Motion to Dismiss and dismissing Petitioner Maurice Nealy's Writ of Habeas Corpus with prejudice.

## I. BACKGROUND

On April 29, 2009, Petitioner Maurice Nealy ("Petitioner" or "Nealy") entered a guilty plea in the Circuit Court of Lauderdale County, Mississippi, Tenth Judicial District, to the charges of murder in violation of Mississippi Code § 97-3-19(1), as the lesser included offense of capital murder; robbery in violation of Mississippi Code § 97-3-73; and motor vehicle theft in violation of Mississippi Code § 97-17-42. *See* Ex. "B" [8-2] at 1-2. On the same day, the court sentenced Nealy to a term of life imprisonment on the murder charge, a term of ten years on the robbery charge to run consecutive to the sentences on the other charges, and a term of ten years on the motor vehicle theft charge to run concurrently to the robbery charge and

consecutively with the murder charge, in the custody of the Mississippi Department of Corrections. *See id.* at 2.

Nealy filed a motion for records and transcripts in the Circuit Court of Lauderdale County, but his motion was denied on May 15, 2013. *See* Ex. "C" [8-3] at 1-2. On November 27, 2013, Nealy filed a "petition for writ of habeas corpus/motion to vacate convictions and sentences" in the Circuit Court of Lauderdale County. *See* Ex. "D" [8-4] at 1-2. After reviewing the petition, which the court construed as a request for post-conviction collateral relief, the court held Nealy's claims were without merit and dismissed the motion. *See id.* at 7-8. On January 19, 2016, Nealy again filed a petition for post-conviction collateral relief in the Circuit Court of Lauderdale County, which the court denied. *See* Ex. "E" [8-5] at 1-4.

On May 22, 2017, Nealy filed a petition for a writ of mandamus in the Mississippi Supreme Court, seeking to compel the Circuit Court of Lauderdale County to rule on his 2016 petition. *See* Ex. "F" [8-6] at 1. Because Nealy's 2016 petition was still pending, the Mississippi Supreme Court dismissed the petition as moot. *Id.* On April 1, 2019, Nealy filed a pleading with the Mississippi Supreme Court titled "Motion for Post-Conviction Memorandum Brief." *See* Ex. "G" [8-7] at 1. The Mississippi Supreme Court dismissed the motion without prejudice allowing it to be filed in the trial court. *Id.*

On November 1, 2021, Nealy, proceeding pro se, filed a [1] Petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court. Respondents Burl Cain and John Henry ("Respondents") filed a [8] Motion to Dismiss, arguing that

Petitioner's claims should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). *See* Mot. [8] at 1-2. Nealy has never filed a response.

## II. DISCUSSION

### A. Relevant Legal Authority

28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations and not a jurisdictional bar, such that it can be tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

3

Section 2244(d) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 949 F.3d 187, 190 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

**B. Analysis**

1. <u>Statute of Limitations</u>

The Circuit Court of Lauderdale county sentenced Nealy on April 29, 2009. *See* Ex. "A" [8-2] at 1-2. Because he pleaded guilty, Nealy had no right to appeal under Mississippi law. *See* Miss. Code Ann. § 99-35-101 ("where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed"); *Wrenn v. State*, 121 So. 3d 913, 915 (Miss. 2013) (holding that there is no right to appeal when a conviction is the result of a guilty plea, and "a defendant challenging a conviction entered as [a] result of guilty plea can do so only under the Post Conviction Relief Act"). Therefore, Nealy's state-court conviction became final on the date of his sentencing, April 29, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). Any

§ 2254 petition Nealy wished to file was therefore due on or before April 29, 2010. *See* 28 U.S.C. § 2244(d)(1). Nealy's Petition, which he did not sign or date, was not filed until November 1, 2021, *see* Pet. [1] at 1, 15, making it untimely unless tolling applies.

2. Statutory Tolling

Nealy is not entitled to statutory tolling because he did not "properly file" an application for state post-conviction or other collateral review before the statute of limitations expired on April 29, 2010. *See* 28 U.S.C. § 2244(d)(2). He did not file his motion for records and transcripts until December 20, 2012 (with a signature date of December 18, 2012), after the statute of limitations had expired. Therefore, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. *See, e.g., id.*; *Hebrard v. Day*, 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam). Unless equitable tolling applies, Nealy's Petition is time-barred.

3. Equitable Tolling

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its application. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Diligence is defined as "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotation omitted). With respect to the extraordinary

5

circumstances requirement, any delays must result from external factors beyond the petitioner's control, and not from delays of his own making. *See Jackson*, 933 F.3d at 410.

The record demonstrates that Nealy failed to diligently pursue his rights. Each of the allegations raised in Nealy's federal petition concern the constitutionality of his April 2009 guilty plea and sentencing, yet he did not file his first motion regarding that guilty plea and sentencing until December 20, 2012, over two years after the statute of limitations expired. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Based upon the facts and circumstances of the present case, Nealy has not shown the diligent pursuit of his rights required to warrant equitable tolling.

Nealy argues that equitable tolling should apply because he was "not able to co-counsel or proceed pro-se, illiterate to legal law." Pet. [1] at 13. However, it is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d

6

168, 171 (5th Cir. 2000). In sum, Nealy has not shown that equitable tolling should be applied on this basis.

Based upon the foregoing, Nealy has not shown that he has been pursuing his rights diligently, or that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Nor has Nealy demonstrated the existence of any "rare and exceptional circumstances" warranting the application of equitable tolling. *See Alexander*, 294 F.3d at 629. Accordingly, Nealy's Petition is time-barred and should be dismissed.

### III. **RECOMMENDATION**

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [8] Motion to Dismiss filed by Respondents Burl Cain and John Henry and dismissing Petitioner Maurice Nealy's Writ of Habeas Corpus with prejudice.

### IV. **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 1st day of June 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE